UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE LOGUE LONG,<br><br>Plaintiff,<br><br>v.<br><br>GREENTREE SERVICING, LLC, a business entity; DITECH FINANCIAL, LLC, a business entity; NORTHWEST TRUSTEE SERVICES, INC.; and DOES 1 through 100, inclusive,[1]<br><br>Defendants. | No. 2:17-cv-02374-KJM-EFB<br><br><br><br>ORDER |

Defendant Ditech Financial, LLC moves to dismiss plaintiff's first amended complaint. For the following reasons, the court GRANTS in part and DENIES in part defendant's motion.

I. FACTUAL BACKGROUND

Plaintiff Dale Logue Long ("Long") purchased the property at issue in 2006. First Am. Compl. ("FAC"), ECF No. 8 ¶ 14. In 2014 and early 2015, Long fell behind on her

---

[1] If defendants' identities are unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id.* at 642. The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

1

mortgage payments. *Id.* ¶ 15. In early 2015, she paid $10,000 to her then-loan servicer, defendant Greentree Servicing, LLC ("Greentree"), to cure the arrears. *Id.* After Long's $10,000 payment, servicing of her loan was assigned to defendant Ditech Financial, LLC ("Ditech"). *Id.*; *see* Ditech's Req. for Jud. Not. ("RJN"), Exs. 5-8 (assignment of deed of trust dated Feb. 9, 2015 and subsequent corrective assignments dated Dec. 30, 2015, Jan. 14, 2016 and March 4, 2016, respectively). Although Long's complaint refers to Ditech and Greentree as separate defendants, the parties agreed at hearing that the two are a single entity for purposes of this suit.

On an unspecified date, Long applied for a loan modification. FAC ¶ 16. On December 8, 2016, Ditech sent Long a "Modification Trial Plan Period Notice" offering Long a permanent loan modification in exchange for three $1,609.17 Trial Period Plan ("TPP") payments. *Id.* ¶ 17. Although Long made the three TPP payments, her loan was not permanently modified. *Id.* Furthermore, her $10,000 payment was not credited to her account. *Id.* ¶¶ 15, 18. On January 5, 2017,[2] a notice of default was recorded on Long's property. *Id.* ¶ 17; *see* RJN Ex. 9 (notice of default and election to sell indicating $26,278.98 past due). On August 30, 2017, a notice of trustee's sale was recorded, indicating a $214,513.93 unpaid balance and setting a September 25, 2017 foreclosure sale. RJN Ex. 10. The sale did not go forward. Although Long's complaint suggests the foreclosure sale may remain on calendar, *see* FAC ¶ 19, Long's counsel confirmed at hearing that the sale is no longer pending.

On September 25, 2017, Long sued Greentree, Ditech and Northwest in state court and on November 13, 2017, Ditech removed the action to this court. *See* ECF No. 1 (notice of removal). Long filed her operative first amended complaint on December 4, 2017, alleging breach of contract, "negligence per se," wrongful foreclosure, California Homeowners Bill of Rights violations and California Business and Professions Code § 17200, *et seq.*, violations. *See generally* FAC.

///

---

[2] In an apparent typographical error, Long alleges the notice of default was recorded on "January 5, 3017." *See* FAC ¶ 17.

2

On December 21, 2017, Ditech moved to dismiss Long's claims and certain damages requests. Mot., ECF No. 9. The court submitted the motion after oral argument on February 9, 2018, Hr'g Mins., ECF No. 16.

II. JUDICIAL NOTICE

Ditech requests the court take judicial notice of the following documents:

Exhibit 1: Deed of trust ("DOT"), recorded October 31, 2006;

Exhibit 2: Assignment of DOT, recorded August 13, 2010;

Exhibit 3: Notice of default and election to sell under DOT ("NOD"), recorded August 13, 2010;

Exhibit 4: Notice of rescission of NOD, recorded October 12, 2010;

Exhibit 5: Corporate assignment of DOT, recorded February 9, 2015;

Exhibit 6: Corrective assignment of DOT, recorded December 30, 2015;

Exhibit 7: Corrective assignment of DOT, recorded January 14, 2016;

Exhibit 8: Corrective assignment of DOT, recorded March 4, 2016;

Exhibit 9: NOD, recorded January 5, 2017; and

Exhibit 10: Notice of trustee's sale, recorded August 30, 2017.

RJN, ECF No. 10.

A court may judicially notice adjudicative facts "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This may include matters of public record. *Lee v. Cty. of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Here, the court judicially notices each exhibit as a matter of public record. As to Exhibits 9 and 10, however, the court judicially notices only their existence, not the truth of their content, which remains "subject to reasonable dispute." *See id.* at 689 (quoting Fed. R. Evid. 201(b)); *see also* Opp'n at 6 (arguing "the amount on the NOD is incorrect" because it does not reflect Long's $10,000 payment made in early 2015); *see also* FAC ¶ 15 (alleging Long's "account has yet to be credited for [her] $10,000.00 payment[.]").

3

III. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "detailed factual allegations" are not required at the pleading stage, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the complaint must contain more than conclusory or formulaic recitations of elements, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter" to make the alleged claim at least plausible. *Ashcroft*, 556 U.S. at 678; *see also Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (explaining plausibility requires that the complaint depict a cognizable legal theory and sufficient factual allegations to support that theory) (citation omitted). Aside from external facts properly subject to judicial notice, the court restricts its analysis to the face of the complaint, construing the complaint in plaintiff's favor and accepting well-pled factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

Furthermore, under Rule 15 "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted). Before granting leave to amend, a court considers any undue delay, bad faith, dilatory motive, futility or undue prejudice posed by allowance of the amendment. *Id.* at 1051-52 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Potential prejudice to the opposing party "carries the greatest weight," *id.* at 1052, and "[t]he party opposing amendment bears the burden of showing prejudice," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, there is a strong presumption in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

IV. DISCUSSION

A. Jurisdiction

At hearing, the court asked the parties their position on subject matter jurisdiction. *See* Feb. 9, 2018 Min. Order, ECF No. 15 (ordering parties to prepare to discuss whether the

amount in controversy requirement is satisfied at hearing). The parties agreed and, following discussion with the parties, the court at this point does not doubt it has diversity jurisdiction. The court may revisit this question upon review of Ms. Long's second amended complaint.

B.  Breach of Contract

Plaintiff alleges Ditech breached its contractual promise to permanently modify her loan after she made three TPP payments. FAC ¶¶ 20-24. "To allege a cause of action for breach of contract, a plaintiff must allege, '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff.'" *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 921 (2013) (quoting *Reichert v. General Ins. Co.*, 68 Cal.2d 822, 830 (1968)).

Ditech faults Long for not "attach[ing] the written contract or plead[ing] its terms verbatim." Mot. at 6. But the California Supreme Court has held that "a plaintiff may plead the legal effect of the contract rather than its precise language." *Constr. Protective Servs., Inc. v. TIG Specialty Ins. Co.*, 29 Cal. 4th 189, 199 (2002), *as modified* (Nov. 14, 2002); *Miles v. Deutsche Bank Nat'l Trust Co.*, 236 Cal. App. 4th 394, 402 (2015). Long has done so here. She alleges Ditech offered her a "Modification Trial Plan Period Notice" on December 8, 2016, promising to permanently modify her loan in exchange for three TPP payments of $1,609.17. FAC ¶ 21. She has sufficiently pled the existence of a contract. *See Wilkins v. Bank of Am.*, No. 215CV02341KJMEFB, 2016 WL 5940082, at *9 (E.D. Cal. Aug. 19, 2016) (same).

Ditech alternatively argues for dismissal because Long "merely alleged that she made three TPP payments but has not alleged that she fulfilled all of her obligations under the TPP." Mot. at 6. But Long alleges she "complied and performed all that was required to obtain the loan modification by making the three (3) Trail [*sic*] Period Plan payments of $1,609.17." FAC ¶ 22. Long sufficiently alleges performance. *See Wilkins*, 2016 WL 5940082, at *9 (same).

Ditech's motion to dismiss Long's breach of contract claim is DENIED.

C   California Civil Code § 2924.11(f)

At hearing, Long's counsel confirmed Long has abandoned this claim. Long's California Civil Code § 2924.11 claim is thus DISMISSED without prejudice.

D.  "Negligence Per Se"

At hearing, Long's counsel conceded that negligence per se is not an independent claim, but requested leave to amend. *See Wilkins*, 2016 WL 5940082, at *11 ("[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of [California] Evidence Code section 669 can be employed.") (citations omitted).  Accordingly, this claim is DISMISSED with leave to amend.

E.  Wrongful Foreclosure

At hearing, Long's counsel explained that Long has abandoned this claim because no foreclosure sale is pending.  Accordingly, this claim is DISMISSED without prejudice.

F.  California Business & Professions Code § 17200

At hearing, Long's counsel confirmed Long has abandoned this claim. Accordingly, this claim is DISMISSED without prejudice.

G.  Motion to Dismiss Certain Requests for Damages

At hearing, Long's counsel conceded damages for pain, suffering and emotional distress are not available for Long's breach of contract claim.  Accordingly, Ditech's motion to dismiss those damages requests is GRANTED.  *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (holding a court may not strike claims for damages under Federal Rule of Civil Procedure 12(f), but suggesting dismissal of such claims may be appropriate under Federal Rule of Civil Procedure 12(b)(6)).  Considering Long's concessions at hearing, the balance of Ditech's motion is DENIED as MOOT.

V.  CONCLUSION

The court GRANTS in part and DENIES in part Ditech's motion to dismiss.  Long may file an amended complaint consistent with the court's findings above within 21 days.

IT IS SO ORDERED.

DATED:  March 5, 2018.

_____
UNITED STATES DISTRICT JUDGE